IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| ERIC JEROME HUNTER, | : | |
| Plaintiff. | : | |
| | : | No. 7:18-cv-00026-HL-TQL |
| vs. | : | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | : | |
| Defendant. | : | |

## ORDER

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Eric Jerome Hunter, an inmate confined at Valdosta State Prison, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983 and requested to proceed without the prepayment of filing fees. For the following reasons, Plaintiff's complaint is hereby **DISMISSED without prejudice**.

I. **Preliminary Review of Plaintiff's Complaint**

A. **Standard for Preliminary Review**

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official,

1

or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

To state a viable claim, the complaint must include "enough factual matter" to – not only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – but to also create "a reasonable expectation" that discovery will reveal evidence to prove the claim(s). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("labels and conclusions"

or "a formulaic recitation of the elements" of a cause of action is not enough). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (claims frivolous if "clearly baseless" or "legal theories are indisputably meritless").

## B. DISCUSSION

Plaintiff brings this complaint against The United States Department of Justice, the United States Department of the Treasury, the United States Security and Exchange Commission, the Social Security Administration, J. P. Morgan Chase Bank, Franklin Templeton and Associates, Suntrust Bank, First National Bank of Grady County, Mutual Bank of Omaha and Insurance, Empire Blue Cross, Lincoln Financial Group, American Red Cross, the Department of Defense, Five Star Credit Union, Bank of Wachovia, and Discover Bank. Plaintiff alleges that the United States Department of Justice froze his assets pursuant to a criminal investigation for insider trading related to the "illegal merger" between J.P. Morgan and Associates, the Bank of Manhattan, and Chase Bank. Compl. 19, EF No. 1. Plaintiff, who had accounts exceeding one hundred million dollars with the Bank of Manhattan, made trillions of dollars in profit from the merger. *Id*. at 20; Amended Compl. 11, ECF No. 6. The FBI thus suspected Plaintiff of having insider knowledge of the merger and "froze" or seized his financial accounts and personal property. ECF No. 1 at 20-21; ECF No. 6 at 11. Plaintiff seeks the return of over 172 trillion dollars in seized assets. ECF No. 6 at 13.

Plaintiff's allegations fail to satisfy the minimal standards of rationality required at the preliminary screening stage and, therefore, the instant complaint is frivolous. The violations Plaintiff alleges and the relief he seeks are predicated upon factual allegations that are "fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 35, 32-33 (1992)). Plaintiff's Amended Complaint and pleadings are replete with impossible scenarios, grandiose ideas, and unbelievable happenings. For example, Plaintiff alleges he founded QualComm at age seven, ran several companies deemed "to big to fail" by age seventeen, once owned a car that disappeared into thin air, and he enjoyed "Domestic and Foreign Immunity."[1] ECF No. 6 at 8, 11. Where, as here, "the facts alleged rise to the level of the irrational or the whole incredible," dismissal is appropriate. *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (quoting *Denton*, 504 U.S. at 32-33).

## C. CONCLUSION

Pursuant to the above, Plaintiff's complaint is frivolous and **DISMISSED without prejudice**.

**SO ORDERED**, this 2nd day of April, 2018.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

---

[1] In his initial pleading, Plaintiff alleged he is a Nancy Reagan appointee that quelled gang activity in seventeen states, a member of the Navy Seals and Army Rangers, an expert in counter intelligence, an associate at seven major banks, and once had a credit card that could acquire five star hotel reservations on the moon with short notice. ECF No. 1 at 12, 14, 20.